# United States District Court
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BILLY D. BURLESON, III, JON J. MARK and CRAIG A. BENNIGHT, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-00749 |
| COLLIN COUNTY COMMUNITY COLLEGE DISTRICT, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE

Came on for consideration the report of the United States Magistrate Judge in this consolidated action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 14, 2019, the report of the Magistrate Judge was entered (s*ee* Dkt. #145) (the "Report") containing the following proposed findings of fact and recommendations regarding:

1. Defendant Collin County Community College District's ("Defendant" of the "College") Third Rule 12(b)(1) Motion to Dismiss (Dkt. #63) and Third Rule 12(b)(6) Motion to Dismiss  (Dkt. 64) the claims of Plaintiffs Billy D. Burleson III ("Burleson"), Jon J. Mark ("Mark"), and Craig A. Bennight ("Bennight") (collectively, "Plaintiffs") (collectively, the "Motions to Dismiss"); and

2. Defendant's Amended Motion for Summary Judgment on Plaintiff Mark's Claims (the "Mark Motion for Summary Judgment") (Dkt. #107), Amended Motion for Summary Judgment on Plaintiff Bennight's Claims (the "Bennight Motion for Summary Judgment") (Dkt. #108), and Amended Motion for Summary Judgment on Plaintiff Burleson's Claims (the "Burleson Motion for Summary Judgment") (Dkt. #109) (collectively, the "Motions for Summary Judgment").

Specifically, the Magistrate Judge recommended that the Motions for Summary Judgment (Dkts. #107, #108, and #109) be granted with respect to Plaintiffs' Section 1983 claims, and those

claims be dismissed with prejudice. *See* Dkt. #145. With respect to Plaintiffs' claims under the Texas Whistleblower Act, TEX. GOV. CODE § 554.001, *et seq.*, the only remaining claims after dismissal of Plaintiffs' federal law claims, the Magistrate Judge recommended that the Court exercise its discretion to remand those claims to state court. *Id*. Based on these findings and recommendations, the Magistrate Judge recommended that the Motions to Dismiss (Dkts. #63 and #64) be denied as moot. *Id*.

## I.    BACKGROUND

Plaintiffs contend Defendant retaliated against them for reporting violations of law by other Collin College employees. *See* Dkt. 19 at ¶ 10; *see also* Dkt. 119 at 7. According to Plaintiffs, these violations included "theft of college text books and/or funds, witness tampering, official oppression, public corruption, coercion of a public servant, and violations of constitutional and civil rights of students and individuals." *Id*. at ¶ 11. Plaintiffs assert a number of other allegations concerning traffic stops by Collin County police officers that Plaintiffs contend were conducted without probable cause. *Id*. at ¶¶ 16-19. Plaintiffs' Complaint also questions the legality of certain other Collin County law enforcement practices. *See, e.g., id*. at ¶¶ 21-30. Plaintiffs allege they suffered adverse employment actions, harassment, and a hostile work environment. Plaintiffs' asserted causes of action include violations of the Texas Whistleblower Act and federal civil rights violations pursuant to 42 U.S.C. § 1983 ("Section 1983). *See generally* Dkt. 60.

## II.    DISCUSSION

### 1.    Plaintiffs' Objections to the Magistrate Judge's Recommendations

Plaintiffs filed objections to the Report (Dkt. #148). Defendant filed a response (Dkt. #151). The Court has made a *de novo* review of the objections (the "Objections") raised by

Plaintiffs and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge.

Plaintiffs' Objections essentially amount to a single flawed argument—that the Magistrate Judge should have concluded that a fact issue exists with respect to Defendant's policy or custom to prevent employees from communicating with the College's Board of Trustees because there were inconsistencies in the evidence. *See* Dkt. 148 at 3. However, Plaintiffs not only mischaracterize the Magistrate Judge's findings, but also appear to misunderstand their summary judgment burden. To survive summary judgment in a case involving municipal liability for a constitutional violation, the plaintiff must establish a policymaker with the authority to make final decisions regarding an official policy of the constitutional right allegedly violated. *See Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). As the Magistrate Judge explained, in Texas, the only policymaker for a school district is the Board of Trustees. *See* Dkt. #145 at 13 (citing TEX. EDUC. CODE § 11.151(b); *Rivera*, 349 F.3d at 247).

Although the Magistrate Judge evaluated Plaintiffs' purported evidence regarding the conduct of former police chief Michael Gromatzky ("Gromatzky"), her conclusion was based not on inconsistent evidence as Plaintiffs suggest, but rather, on the lack of *any* evidence establishing that the College's Board of Trustees (the "Board") , the College's final policymaker as a matter of law, officially adopted and promulgated, with deliberate indifference, any policy that was the moving force behind the alleged violation of Plaintiffs' First Amendment right to be free from retaliation. *See* Dkt. #145 at 14, 16. The Magistrate Judge's analysis of the evidence merely pointed out that Gromatzky's testimony regarding a "general feeling" that officers should not talk to the Board and his personal belief that officers should follow the chain of command before talking to

the Board failed to establish that Defendant had a policy or custom of prohibiting employees from speaking to the Board. *See* Dkt. #145 15 (citing Dkts. #119; #119-5 at 37). Thus, there is no issue of material fact here—Plaintiffs have simply failed to meet their burden to present evidence of a municipal custom or policy.[1]

## 2. <u>Plaintiffs' Objections to the Magistrate Judge's Order</u>

Plaintiffs also object to the Magistrate Judge's order denying their Motion to Continue (Dkt. #119). *See* Dkt. #148 at 2. Federal law affords a Magistrate Judge broad discretion in the resolution of nondispositive pretrial matters. *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Under FRCP 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." The Court may modify or set aside a Magistrate Judge's order only if it is clearly erroneous or contrary to law. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Plaintiffs sought a continuance based on their contention that Defendant failed to produce a suitable 30(b)(6) representative to testify about some of the matters at issue in this lawsuit. *See generally* Dkt. #119. Having reviewed the Magistrate Judge's order, as well as Plaintiffs' objection thereto (Dkt. #148) and the relevant pleadings, the Court finds that the Magistrate Judge's order is not clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). As the Magistrate Judge explained, the Court afforded Plaintiffs sufficient discovery opportunities, including allowing Plaintiffs to

---

[1] At the final pretrial conference, the Court raised some concerns about whether this objection should be sustained. After considering the response to the objections, the Court agrees with the Magistrate Judge's recommendation.

take every deposition they requested and extending the discovery and dispositive motion deadlines to allow Plaintiffs sufficient time to conduct discovery.

**IT IS THEREFORE ORDERED** that the Mark Motion for Summary Judgment (Dkt. #107), the Bennight Motion for Summary Judgment (Dkt. #108), and the Burleson Motion for Summary Judgment (Dkt. #109) is **GRANTED IN PART** and **DENIED IN PART**, as set forth below:

1. With respect to Plaintiffs' Section 1983 claims, the Motions for Summary Judgment (Dkts. #107, #108, and #109) is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**;

2. With respect to Plaintiff Mark's disability discrimination claims pursuant to the FMLA and Texas state law, the Mark Motion for Summary Judgment (Dkt. #107) is **GRANTED**, and those claims are **DISMISSED WITHOUT PREJUDICE**; and

3. In light of the dismissal of Plaintiffs' federal-law claims, the Court declines to exercise jurisdiction over Plaintiffs' pendent state-law claims. Accordingly, the Motions for Summary Judgment (Dkts. #107, #108, and #109) are **DENIED** with respect to Plaintiffs' Texas Whistleblower Act claims, and those claims are **REMANDED** to the 416th Judicial District Court, Collin County, Texas, for further disposition.

**IT IS FURTHER ORDERED** Defendant's 12(b)(1) Motion to Dismiss (Dkt. 63) and 12(b)(6) Motion to Dismiss (Dkt. 64) are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that Plaintiff's objection to the Magistrate Judge's order (see Dkt. #148) is **OVERRULED** and the order is **AFFIRMED**.

**IT IS SO ORDERED**.

**SIGNED this 14th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE